**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| CASEY'S GENERAL STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOCTOR'S ASSOCIATES INC. d/b/a Subway, <br><br> Defendant. | Civil Action No. 11-cv-0064 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES the Plaintiff, Casey's General Stores, Inc. (hereinafter "Casey's"), by and through its attorneys, McKee, Voorhees & Sease, P.L.C., and for its Complaint against Doctor's Associates, Inc., d/b/a Subway ("Subway") , states as follows:

**INTRODUCTION**

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, there being an actual case or controversy amongst the parties; it arises as well under 28 U.S.C. §§ 1331 and 1338, as the case arises out of Acts of Congress relating trademarks and unfair competition laws pursuant to United States Trademark Laws, 15 U.S.C. § 1051 et seq. ("the Trademark Act"); it arises as well under 28 U.S.C. § 1367, there being supplemental jurisdiction over the States of Iowa common law unfair competition claims.

2. Specifically, this action seeks, *inter alia*, a declaration that Casey's use of the generic term "footlong" to describe a footlong submarine sandwich, commonly referred to as a "sub", is not a violation of any right currently owned by Subway; and it requests an order so

saying and declaring that "footlong" for description of sandwiches including submarine sandwiches is generic.  Further Casey's seeks an order that Subway's attempt to assert trademark rights against Casey's for its use of "footlong" for sandwiches and/or restaurant services is frivolous litigation and seeks an award of damages and attorney's fees against Subway.

## THE PARTIES

3. Casey's General Stores, Inc. is an Iowa corporation having its principal place of business at 1 S.E. Convenience Blvd., Ankeny, Iowa 50021, within this district.

4. Doctor's Associates, Inc., d/b/a Subway, is a Florida corporation with a principal place of business at 300 Southpine Island Road, Suite 306, Plantation, Florida 33324.  Doctor's Associates, Inc. also has a place of business at 25 Bic Drive, Milford, Connecticut 06461.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1338, and has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Subway because Subway has franchisees and/or trademark licensees in the state of Iowa and within the Southern District of Iowa and through such franchisees and on its own does business within this district.  Subway has also has intentionally directed its actions to this district by sending a letter asserting infringement charges to Casey's headquarters within this district, demanding that Casey's cease and desist from using "footlong" in association with sandwiches; the impact of such a cease and desist letter and the allegations of playing off of the goodwill associated with Subway all occurred within this district and is felt within this district by the Casey's.  (A true and correct copy of the Cease and Desist letter sent by Subway to Casey's is attached hereto as Exhibit A.)

7. Casey's has a place of business within the district at P.O. Box 301, 1 S.E. Convenience Blvd., Ankeny, Iowa 50021-8045, and resides here, making venue proper.

8. Subway does business within this district and is reachable within the Constitutional limits of due process within this district by reason of doing business within this district and having engaged in willful conduct that has an economic impact within this district against the Casey's.

9. Venue is proper for Subway in this district pursuant to 28 U.S.C. § 1391.

10. The amount in controversy exceeds $75,000 and Casey's and Subway are diverse in citizenship.

11. Casey's admits that it has used and will continue to use "footlong" to describe a sandwich. Casey's denies that such use creates any liability to Subway. Subway disagrees as evidenced by the attached Exhibit A.

12. Therefore, an actual and justiciable controversy between the parties exists as to the existence of any trademark rights to the word "footlong" to describe sandwiches, and/or restaurant services.

**COUNT I**
**(Declaratory Judgment That Subway Has No Trademark Rights**
**in the Term "Footlong" and that Casey's Continued Use**
**of this Term is Non-Infringing )**

13. Casey's realleges and incorporates herein the allegations contained in the preceding paragraphs 1-12 of the Complaint as if fully set forth herein.

14. Casey's is a leading operator of convenience stores in the Midwest, operating more than 1600 stores in the states of Iowa, Illinois, Indiana, Kansas, Minnesota, Missouri, Nebraska, Oklahoma, South Dakota and Wisconsin. In approximately 180 locations, Casey's has

implemented a made-to-order sub sandwich program that is currently being rolled out.  It advertises a footlong sandwich on menus and signage in and around those stores.

15. Subway sent a cease and desist letter to Casey's dated January 31, 2011, attached as Exhibit A, demanding that Casey's cease and desist from use of "footlong" to describe sandwiches.

16. Subway, has in the past sued others, for example, Doctor's Associates, Inc. d/b/a Subway v. Sheetz, Inc., United States District Court for the Eastern District of Virginia, Civil Action No. 1:09-cv-00088, for use of the word "footlong" in connection with the sale of sandwiches.  In that action, Subway sought a restraining order and a preliminary injunction. These two motions came on for hearing February 6, 2009 and the Honorable Claude M. Hilton, United States District Court Judge, denied the temporary restraining order, denied the preliminary injunction and indicated in the transcript of hearing that Subway "ha[s] problems with the fact that footlong[], that's certainly generic".  (See Transcript of February 6th Hearing at p. 17, a true and correct copy of which is attached hereto as Exhibit B.)

17. Subway has sought trademark protection for "footlong" for sandwiches and restaurant services in trademark application Nos. 77/752,328 ("Footlong" for restaurant services) and 77/324,328 ("Footlong" for sandwiches).  The application for "footlong" for sandwiches was approved for publication by the trademark examiner, but has not issued as a registration because there are many ongoing opposition proceedings filed by the likes of Long John Silvers, Taco Bell Corporation, Kentucky Fried Chicken, Dairy Queen, Pizza Hut, Inc., and Domino's, just to name a few.  The application for "footlong" for restaurant services is currently under rejection as a mark that consists of the generic name for something that is served in providing restaurant services. A true and correct copy of the rejection issued by the trademark examiner is attached

hereto as Exhibit C.) Subway's attempt to establish an acquired distinctiveness under § 2(f) of the Lanham Act has to date failed. (See Exhibit C.)

18. Despite, these obvious failures to date to establish trademark rights for "footlong" for sandwiches and/or restaurant services Subway continues with its efforts and has now confronted Casey's.

19. Casey's seeks a judicial declaration the term "Footlong" is generic and thus Subway has no trademark rights therein and that Casey's continued use of "footlong" to describe sandwiches sold in its Casey's franchises is fully within its rights, and constitutes no infringement upon any rights of Subway..

## COUNT II
### (Declaratory Judgment of Unfair Competition by Subway)

20. Casey's realleges and incorporates herein the allegations contained in the preceding paragraphs 1-19 of the Complaint as if fully set forth herein.

21. On information and belief, in addition to objecting to competitors' usage of the term "footlong", Subway also objects when competitors advertise that that the "footlong" sandwiches are sold for "5 Dollars".

22. Casey's offers and intends to continue to offer "footlong" sandwiches for sale in its franchises for a price point at or about $5 dollars.

23. Trademark rights are not designed to prohibit entry of a competitor into the marketplace. It is for this reason that the trademark laws prohibit registration of a term that is generic because if any company were allowed control over use of the generic term, it would give rise to an unfair competitive advantage. Subway's attempts to restrain Casey's from fairly competing by using generic terms, including the term "footlong", constitutes unfair competition

to one who has a right to compete by fair and honest means to extend and expand its current business opportunities within the state of Iowa and elsewhere.

24. The lack of success in Subway's efforts to date to register trademark rights in the term "footlong," and its continued improper enforcement actions, including its January 31, 2011 letter to Casey's, are nothing more than an attempted market entry barrier, designed to stifle competition and prevent competitors such as Casey's from selling or offering of a submarine-sandwich using a generic term at a competitive price with Subway.

25. Subway's efforts to stifle competition and control pricing are unfair competitive acts and have occurred here and elsewhere in this district and as well as outside of this district throughout the United States. Such acts constitute federal unfair competition and state law unfair competition and violate state and federal law and cause damage to Casey's as a competitor of the Subway.

26.. The amount of damages are not yet ascertainable but will be ascertained upon proper discovery of documents and records from Subway.

WHEREFORE, Casey's prays for relief on its causes of action as follows:

A. A declaration that Subway, its agents, servants, employees and all persons acting in concert therewith, have no trademark rights to preclude others from using to the word "footlong" as the word is generic as applied to sandwiches, particularly foot long sandwiches and for restaurant services, where the restaurant sells footlong sandwiches.

B. A declaration that Casey's use of the term "footlong" in commerce on sandwiches does not infringe any valid rights of Subway.

C. A declaration that Subway actions of sending cease and desist letter to prohibit competitors from using "footlong" or selling "footlong" sandwiches for $5 dolars constitutes unfair competition under Federal laws and under the laws of the state of Iowa.

D. Subway be required to pay Casey's damages caused by the unfair competitive acts of Subway;

E. Subway be required to pay Casey's expenses, costs and attorney's fees for this case; and

F. Subway be required to provide all other legally and equitable relief to which Casey's is entitled.

## JURY DEMAND

Casey's demands a trial by jury of all issues triable of right by jury.

Dated this 11th day of February, 2011.

Respectfully submitted,

/s/Edmund J. Sease
Edmund J. Sease
Christine Lebrón-Dykeman
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  ed.sease@ipmvs.com
Email:  christine.lebron-dykeman@ipmvs.com
Email:  mvslit@ipmvs.com

OF COUNSEL:

Julia L. Jackowski
Senior Vice President and Corporate General Counsel
Casey's General Stores, Inc.
1 S.E. Convenience Blvd.
Ankeny, IA  50021
Phone:  515-965-6100

ATTORNEYS FOR PLAINTIFF CASEY'S GENERAL STORES, INC.