```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
 2                  ALEXANDRIA DIVISION
 3  ─────────────────────────────────────────────────
    DOCTOR'S ASSOCIATES, INC.,   )
 4                               )
           Plaintiff,            )  Docket No. 1:09-cv-88
 5                               )  Alexandria, Virginia
           v.                    )
 6                               )  February 6, 2009
    SHEETZ, INC., et al.,        )  10:00 a.m.
 7                               )
           Defendants.           )
 8  ─────────────────────────────────────────────────
 9
10               TRANSCRIPT OF HEARING
11        BEFORE THE HONORABLE CLAUDE M. HILTON
12             UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
    APPEARANCES:
19
      For the Plaintiff:    Paul Grandinetti, Esq.
20                          Rebecca J. Stempien, Esq.
21
      For the Defendants:   Roberta Jacobs-Meadway, Esq.
22                          Edward J. Longosz, II, Esq.
                            Sean McConnell, Esq.
23
      Court Reporter:       Tracy L. Westfall, RPR, CMRS, CCR
24
    Proceedings reported by machine shorthand, transcript produced
25  by computer-aided transcription.
```

EXHIBIT B

1  They're a sophisticated company. They have plenty of
2  resources. They could have come up with anything. They could
3  have come up something distinctive, but they didn't. They used
4  the same four elements and the same spacial arrangement and the
5  same campaign, same goods, same type of outlet.
6  THE COURT: Well, I understand your argument, but I
7  guess I just don't see it. In looking at these two ads, it
8  seems to me that there's little likelihood of confusion when
9  looking at the two of them. The names are clearly there. And
10 when you talk about the spacial arrangement, the spacial
11 arrangement of the two are different. The names are clearly on
12 both of them. I just don't see that there's any likelihood of
13 confusion from looking at this trade address.
14 You also have the problems with the fact that
15 footlongs, that's certainly generic and somebody's hand's
16 generic. I understand your argument that you could have a trade
17 address that uses these combinations of things that could cause
18 a problem, be distinctive, it could cause confusion, but in
19 looking at these two ads, I just don't see it.
20 I'm going to have to deny your motion for a temporary
21 restraining order. I'll consider it a motion for a preliminary
22 injunction and deny a motion for preliminary injunction as well.
23 I make no assessment as to how these facts will develop and what
24 you'll eventually be able to show, but on what's presented to
25 me, I just don't find any likelihood of confusion and deny your